IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Plaintiff/Counter Defendant,

                                    Civ. No. 04-0180 MV/RLP

vs.

ELIZABETH PAAK and ARNOLD
RONNEBECK,

        Defendants/Counter Plaintiffs.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Elizabeth Paak and Arnold Ronnebeck's Motion for Partial Summary Judgment, filed September 1, 2004 **[Doc. No. 21]**. Without citation to any relevant authority, Defendants ask this Court in their motion for an order determining, as a matter of law, that State Farm is liable for extra-contractual damages, including the entire amount of the arbitration award, other compensatory damages, statutory damages, as well as attorneys' fees and punitive damages if the jury determines that State Farm acted in bad faith and/or breached the insurance contract.

These issues are not properly before the Court on a motion for summary judgment. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Jones v. Kodak Medical Assistance Plan*, 169 F.3d 1287, 1290 (10th Cir. 1999). Rule 56 contemplates a motion on a claim "or any part thereof." Fed. R. Civ. P. 56(a). It does not, however, contemplate a motion to determine the proper standard for damages before liability

has been determined.

In *Kendall McGaw Laboratories, Inc. v. Community Mem'l Hosp.*, the district court explained why this is inappropriate:

> The thrust of this law is to prohibit the type of motion before the court. A Rule 56 movant may not "play leapfrog" with his case by seeking a decision whose validity depends on one or more unresolved issues. To allow another result would ignore the chronological structure of trial practice. Just as the events which produce litigation move forward in time, so must the litigation itself. A different arrangement would run the law into conceptually-backward nonsense; damages do not bring forth liability any more than an injury produces a duty.

125 F.R.D. 420, 422 (D.N.J. 1989). Liability is still at issue in this case. Because Defendants here "seek a judgment based on an entirely hypothetical skein of events," the Court will deny their motion. *See id*. at 422-23; *Quintana v. Byrd*, 669 F. Supp. 849, 850 (N.D. Ill. 1987) (denying "partial" summary judgment motion as to the availability of certain types of damages when liability was still at issue). These matters are more appropriately addressed at trial.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Summary Judgment, filed September 1, 2004, **[Doc. No. 21]**, is **DENIED**.

Dated this 8th day of June, 2005.

MARTHA VAZQUEZ
U. S. DISTRICT COURT JUDGE

Attorney for Plaintiff/Counter Defendant:
Don Bruckner
Christopher J. DeLara

Attorney for Defendant/Counter Plaintiffs:

Patrick W. Sullivan
James Carroll
Lee M. Rogers, Jr.